UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSE CARL TOOMER, # 61424                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:21-CV-102-DPJ-FKB

PAMELA ROBINSON, MICHELLE
JACKSON, JOHN DOES, CASE MANAGER
CRAIG, VITAL CORE HEALTH
STRATEGIES, NURSE BARLOW, DR.
MATTHEWS, ADMINISTRATIVE REMEDY
PROGRAM DIRECTOR R. PENNINGTON,
and WARDEN MILLER                                                                            DEFENDANTS

ORDER OF DISMISSAL

This pro se prisoner case is before the Court, sua sponte, for consideration of dismissal. Plaintiff Jesse Carl Toomer is a pretrial detainee at the Jackson County Adult Detention Center, and he brings this action under 42 U.S.C. § 1983, challenging the length and conditions of his prior confinement with the Mississippi Department of Corrections (MDOC). The Court has considered and liberally construed the pleadings. As set forth below, Defendants Pamela Robinson, Michelle Jackson, Nurse Barlow, Administrative Remedy Program Director R. Pennington, and Warden Miller are dismissed.

I.       Background

As mentioned, Toomer is currently a pretrial detainee at the Jackson County Adult Detention Center. Toomer filed this action on February 8, 2021, while incarcerated with MDOC pursuant to a parole revocation. Toomer was housed at the Central Mississippi Correctional Facility (CMCF) until February 26, 2021, when he claims to have been finally released from the underlying sentence. Defendants are MDOC employees, MDOC's medical services provider

Vital Core Health Strategies, and its employees. Toomer challenges both the length and conditions of his prior time with MDOC.

First, Toomer claims he was incarcerated too long at MDOC, because he was allegedly denied trusty credit while out on parole—even though he had earned it. But for this alleged error, Toomer asserts his parole would have already been completed, and he never would have been revoked. Instead, Toomer spent two months incarcerated because of the revocation, until MDOC considered his substantive sentence completed. Defendants Pamela Robinson and Michelle Jackson, of MDOC's Records Department, were allegedly aware that Toomer's records were incorrect. Toomer also claims he filed an emergency grievance concerning this with Defendant Administrative Remedy Program Director R. Pennington. Pennington allegedly found it was not an emergency and instructed him to resubmit the grievance. Likewise, Toomer claims to have grieved the time issue to Defendants Case Manager Craig and Warden Miller, to no avail.

Second, Toomer contends that, once his parole had been revoked, he was taken out of trusty status—even though he was still eligible for it. Moreover, Toomer claims he was placed into lockdown for two months and denied exercise or recreation "month after month." Am. Compl. [5] at 2.

Finally, Toomer alleges a denial of dental treatment. Specifically, Toomer complains of a broken tooth, for which he allegedly requested treatment ten times, but Vital Core denied him. Toomer asserts that he was in "severe pain," Am. Compl. [5] at 2, was not given any pain medication, and so would go "day's [sic] at a time with out [sic] eating," 2d Am. Compl. [15] at 2. After more than 55 days had passed, Toomer claims he was finally seen by Defendant Dr. Matthews, who allegedly would not fix the tooth. Toomer alleges that he also complained to

2

Craig, "the case manager over the Maxim[um] Security Unit," about the dental and lockdown issues, but she purportedly did not respond and "purpos[e]fully avoided information." Am. Compl. [5] at 2.

Toomer filed this action, invoking § 1983 and state law, seeking release and damages. Toomer brings due-process claims against Robinson, Jackson, Craig, Pennington, and Warden Miller. Toomer asserts cruel-and-unusual-punishment claims against Craig, Vital Core, Dr. Matthews, and Nurse Barlow. Finally, Toomer also alleges negligence against Craig.

II.  Discussion

The Prison Litigation Reform Act of 1996 (PLRA) applies to prisoners proceeding *in forma pauperis* in this Court. Under the PLRA, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Toomer to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

3

This Order addresses only certain claim against certain Defendants. Specifically, the Court will consider Toomer's due-process claims against Robinson, Jackson, Pennington, and Warden Miller and his cruel-and-unusual-punishment claim against Nurse Barlow.

A. Due-Process Claims

Toomer makes two complaints that fall under the due-process umbrella: (1) wrongful revocation of parole (seeking damages and release) and (2) denial of trusty status.

1. Wrongful Revocation

First, Toomer sues Robinson, Jackson, Pennington, and Warden Miller for an alleged wrongful revocation. Toomer claims that, but for being denied sentence credits that he had earned while on parole, he never would have been convicted and sentenced for a parole violation. On this claim, Toomer seeks both damages and release (though he is no longer incarcerated by MDOC).

a. Request for Damages

A civil action that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). In such a case, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Where success "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82. *Heck* applies to parole revocations. *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

Success on Toomer's claim that he was wrongfully convicted of a parole violation will necessarily invalidate both the conviction and duration of his confinement for that revocation. Therefore, the claim may proceed only if Toomer proves the revocation has already been invalidated. Toomer admits that it still stands.

Because Toomer's revocation has not been invalidated, he is precluded by *Heck* from challenging it in this civil action at this time. This § 1983 claim will therefore be dismissed with prejudice for failure to state a claim, until such time as Toomer has the revocation invalidated via appeal, post-conviction relief, habeas corpus relief, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### b. Request for Release

Construing the Complaint liberally, it appears that Toomer also seeks habeas relief based on the revocation, because he requested immediate release. If a favorable ruling would "automatically entitle [the prisoner] to accelerated release," then the action is one for habeas corpus. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

While Toomer was in custody on the challenged revocation when he filed this action, he admits he has since been fully discharged from incarceration and parole. Therefore, any request for habeas relief is moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Court thus declines to sever the habeas claim. Instead, it is dismissed without prejudice to Toomer's right to pursue any available state remedies.

### 2. Denial of Trusty Status

Once his parole was revoked, Toomer alleges that he was again deprived of due process when—for no reason—he was taken out of trusty status. Toomer appears to assert this claim against Warden Miller, Robinson, and Jackson, among others.

To maintain a procedural-due-process claim, Toomer must show that the removal of trusty status either (1) affected or "will inevitably affect the duration of his sentence" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Toomer complains that taking him out of trusty status during his last two months' incarceration denied him the opportunity to earn additional trusty sentence credits. But the loss of a "*mere opportunity* to earn . . . credits" does not constitute an atypical or significant hardship on an inmate. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding no liberty interest in loss of classification that provided an opportunity to earn good-time credits). Whether, if given the opportunity, Toomer would have been released earlier is too speculative to support a due-process claim. *Id.* This claim will be dismissed as frivolous. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

B.   Cruel and Unusual Punishment

Finally, Toomer sues Nurse Barlow for the alleged denial of dental treatment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . . result[ing] in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Deliberate indifference occurs when the official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Despite being given the opportunity, Toomer alleges no facts against Nurse Barlow, who presumably works for Vital Core at CMCF. Toomer does not allege that Barlow was even aware of his dental complaints. The claim against Barlow is frivolous.

III.     Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above:

- Toomer's 42 U.S.C. § 1983 wrongful-revocation claim (seeking damages) is **DISMISSED WITH PREJUDICE** for failure to state a claim, until Toomer successfully has his parole revocation invalidated, via appeal, post-conviction relief, habeas, or otherwise.

- Any habeas claim is **DISMISSED WITHOUT PREJUDICE**.

- Toomer's claim for denial of trusty status is **DISMISSED WITH PREJUDICE** as frivolous.

- Toomer's claim against Defendant Nurse Barlow is **DISMISSED WITH PREJUDICE** as frivolous.

Defendants Nurse Barlow, Administrative Remedy Program Director R. Pennington, Pamela Robinson, Michelle Jackson, and Warden Miller are finally dismissed. The remainder of the case shall proceed.[1]

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Specifically, Toomer's claims related to the lockdown (against Craig) and his dental care (against Craig, Dr. Matthews, and Vital Core) proceed.