IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSIE CARL TOOMER                                                                          PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:21-cv-102-DPJ-FKB

PETRINA L. CRAIG, et al.                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION**

Jessie Carl Toomer is an inmate in the custody of the Mississippi Department of Corrections (MDOC). In this action pursuant to 42 U.S.C. § 1983, he brings claims of unconstitutional prison conditions and failure to provide adequate dental care. Defendants have filed motions for summary judgment, [62], [64], alleging that Toomer failed to exhaust his administrative remedies before filing his lawsuit. Toomer has filed no response to the motions. The undersigned recommends that the motions be granted.

From December 22, 2020 until February 26 or 27, 2021, Toomer was housed at the Central Mississippi Correctional Facility (CMCF), and his claims arise from this period. [61] at 7-8, 15, 24. The facts, taken in the light most favorable to Plaintiff, are as follows. During intake, Toomer was examined by Dr. Matthews, a dentist, to whom Toomer complained about a bad tooth. *Id.* at 29. Dr. Matthews directed him to file a sick call request so that the problem could be addressed. *Id.* Thereafter, Toomer filed several sick call requests without response. *Id.* Finally, on January 17, 2021, he submitted an administrative remedy request, CMCF-21-159, stating that he was

suffering from tooth pain, that there had been no response to his sick call requests, and that he needed to see a dentist. [62-1] at 3. On February 22, 2021, Dr. Matthews saw Toomer and evaluated his tooth. *Id.* at 5, [61] at 29. Dr. Matthews told him that he needed a root canal but that he would not perform it because it would take too long. [61] at 11, 14. Instead, Dr. Matthews proposed extraction of the tooth, which Toomer refused. *Id.*

Toomer also complains of conditions in lockdown, where he was housed because of a protective custody request. [61] at 8-10. While in lockdown, he suffered from lack of sleep because of noise in the unit, was unable to leave his cell and go outside because he was not provided a jacket, and suffered humiliation from being escorted in restraints to the shower. [5] at 3; [61] at 9.

During Toomer's time at CMCF, Petrina Craig was his case manager. [61] at 7. Toomer states that he wrote several letters to her complaining of conditions in lockdown and requesting medical assistance for his tooth pain but received no response. *Id.* at 7-8.

Toomer's claims are against Dr. Matthews, Petrina Craig, and Vital Core Health Strategies (VitalCore), the healthcare contractor for the prison. Against Dr. Matthews, Toomer asserts claims of deliberate indifference for his refusal to provide treatment that could have saved his tooth, rather than simply offering to extract it. His claims against Petrina Craig are based upon her failure to respond to his complaints. Finally, Toomer alleges that VitalCore's policy of having insufficient staff to process sick call requests resulted in delay of his dental treatment and amounted to deliberate indifference.

2

In their motions, Defendants contend that Toomer's complaint should be dismissed because he failed to exhaust his administrative remedies as to any of his claims.  The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires that an inmate bringing a civil rights action in federal court first exhaust available administrative remedies.  *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).

The documents from Toomer's ARP file submitted by Defendants indicate that Toomer has filed two requests for administrative remedies while in MDOC custody: SMCI-20-0853 and CMCF-21-159.  In SMCI-20-0853, filed in October of 2020 while he was housed at SMCI, Toomer complained about the calculation of his time.  [62-2] at 3.  This request predates the events underlying the present lawsuit.  In Toomer's remaining ARP request, CMCF-21-159, submitted on January 17, 2021, he complained of tooth pain and requested to see a dentist.  [62-1] at 3.  The request made no mention of Defendant Craig or Toomer's letters to her.  Neither did the request mention Dr. Matthews's alleged refusal to try to save his tooth; indeed, it could not have, as the request was filed prior to Toomer's February 22, 2021 evaluation by Dr. Matthews.  Thus, it is clear that Toomer never attempted to exhaust his remedies as to his claims against Defendants Craig and Matthews.  Furthermore, at the *Spears* hearing, Toomer

3

admitted that he had never filed an ARP request regarding his allegations as to VitalCore's insufficient staffing. [61] at 38.

But even assuming that Toomer's ARP request addressed his claim against Vital Core for delay in medical treatment, Toomer nevertheless failed to exhaust this claim, because he never pursued the request through to completion. MDOC provides a two-step grievance procedure, which is set out in the MDOC Inmate Handbook, ch. VIII, available at https://www.mdoc.ms.gov/inmates. First, the inmate files a grievance within 30 days of the incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if accepted, is forwarded to the appropriate official for a first-step response. If the inmate is unsatisfied with the first-step response, he may continue to the second step, at which the superintendent or warden will issue a final ruling. If the inmate is unsatisfied with the second-step response, he may then file suit in court. The entire ARP process it to be completed in 90 days, and expiration of response time limits without receipt of a written response entitles the inmate to move on to the next step. Toomer testified at the *Spears* hearing that he never received a first-step response to the request, and the file reflects that the only response was signed over two years later. [61] at 33, [62-1] at 4-5. Furthermore, he admitted at the hearing that he understood his right to appeal in these circumstances, yet he never took any further action. [61] at 32-33.

The Fifth Circuit has made clear that the exhaustion requirement is satisfied only if the inmate pursues the grievance process to conclusion, even if officials fail to respond:

4

> Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001). This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

*Wilson v. Epps*, 716 F.3d 296, 301 (5th Cir. 2015).  Because Toomer failed to pursue his grievance request to the end of the ARP process, the claims asserted in that request remain unexhausted.

Toomer failed to exhaust his claims against any defendant prior to filing this action.  Therefore, the undersigned recommends that Defendants' motions be granted and that this action be dismissed with prejudice.

Also pending are Toomer's motions for production of x-rays of his tooth and his sick call requests.  [66], [67].  Neither of these motions is relevant to the present motion for summary judgment.  The undersigned recommends that these motions be denied if the summary judgment motions are granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R.

---

[1] Where a document is served by mail, service occurs when the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 6th day of November, 2023.

                                              <u>s/ F. Keith Ball</u>
                                              United States Magistrate Judge